# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

|  | Case Number: | **4:04cr00141-10 JMM** |
|---|---|---|
| **J.C. COLLINS** | USM Number: | **23428-009** |
|  | **David Cannon** | |
|  | Defendant's Attorney | |

### THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   1 - 6 of Second Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846 | **Conspiracy to Distribute 500 Grams or More of Methamphetamine, a Class A Felony** | **8/16/2004** | 1 |
| 18 USC 1956(a)(1)9A)(i) | **Money Laundering, Class C Felonies** | **8/16/2004** | 2-5 |
| 18 USC 1956(h) | **Conspiracy to Launder Drug Proceeds, a Class C Felony** | **8/16/2004** | 6 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 22, 2006
Date of Imposition of Judgment

*James M. Moody (signature)*
Signature of Judge

James M. Moody

UNITED STATES DISTRICT JUDGE
Name and Title of Judge

Aug 23, 2006
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | **J.C. COLLINS** |
| CASE NUMBER: | **4:04cr00141-10 JMM** |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    **Life. Life as to Count 1, twenty (20) years as to Counts 2 - 6, all to run concurrent.**

**Defendant shall not have any contact, through telephone, letters, or third parties, nor harass, any of the victims in this case.**

X   The court makes the following recommendations to the Bureau of Prisons:

**Defendant shall participate in the RDAP intensive drug treatment program, and educational and vocational programs, to enable him to obtain gainful employment upon release.  Defendant shall serve his sentence at a facility closest to Ventura, California, to be near his family.**


X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐ a _____ ☐ a.m.    ☐ p.m.    on _____ .

    ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

.

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      **J.C. COLLINS**
CASE NUMBER:    **4:04cr00141-10 JMM**

## SUPERVISED RELEASE

If Defendant is released from imprisonment, the defendant shall be on supervised release for a term of : **Ten (10) years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3B — Supervised Release

DEFENDANT:      **J.C. COLLINS**
CASE NUMBER:    **4:04cr00141-10  JMM**

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) The defendant shall participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment.  Further, the defendant shall abstain from the use of alcohol throughout the course of treatment.

15) The defendant shall refrain from having any contact with the victims in this case.

16) Defendant is not a legal resident of the Eastern District of Arkansas.  The period of supervised release is to be administered by the district where the defendant is a legal resident and/or the district where a suitable release plan has been developed.

Judgment — Page   5   of   6

DEFENDANT:        **J.C. COLLINS**
CASE NUMBER:      **4:04cr00141-10  JMM**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| **TOTALS** | $ 600.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-------------------|-------------------------|----------------------------|
| | | | |

| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:04-cr-00141-JM   Document 732   Filed 08/23/06   Page 6 of 10

DEFENDANT:       **J.C. COLLINS**
CASE NUMBER:     **4:04cr00141-10 JMM**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __600.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    see attachment

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

4:04cr00141-10 JMM
USA v. J.C. Collins

Attachment to page 6 of Judgment

The defendant shall forfeit the defendant's interest in the following property to the
United States:

<u>FORFEITURE ONE - CONTROLLED SUBSTANCE OFFENSE</u>

       The defendant shall forfeit to the United States, pursuant to Title 21, United
States Code, Section 853, any and all property constituting, or derived from, any
proceeds obtained, directly or indirectly, as a result of the said violations, and any
property used or intended to be used, in any manner or part, to commit or facilitate the
commission of the said violations, including but not limited to the following:

1.     <u>UNITED STATES CURRENCY</u>

    A.     $800.00 in U.S. currency sent via Western Union wire money
transfer number 8631886345 in the amount of $800.00, from
sender Cindy Ponder, Adona, Arkansas, directed to Payee Jason
Collins, Chatsworth, California;

    B.     $999.00 in U.S. currency sent via Western Union wire money
transfer number 8630243174 in the amount of $999.00, from
sender Cindy Ponder, Adona, Arkansas, directed to Payee J.C.
Collins, Chatsworth, California;

    C.     $700.00 in U.S. currency sent via Western Union wire money
transfer number 8634925517 in the amount of $700.00, from
sender Chasity West, Conway, Arkansas, directed to Payee Jason
Collins, Chatsworth, California;

    D.     Approximately $11,019 discovered and seized on October 14,
2003, from J.C. Collins, a/k/a Jason C. Collins, at the Little Rock
National Airport;

2.     <u>CONVEYANCE</u>

    A.     One 1987 model Winnebago Travelmaster, vehicle identification
number 1GBKP37WXH3306296, California registration in the
name of J.C. Collins, Chatsworth, California, California License
Number 2DLT351.

3.     <u>REAL PROPERTY</u>

       All that lot or parcel of land, together with its buildings, appurtenances,
improvements, fixtures, attachments and easements, located at Altus, Johnson County,
Arkansas, more particularly described as:

       A part of the southwest quarter (SW/4) of the southwest quarter (SW/4) of

Section 29, Township 10 north, Range 25 west, Johnson County, Arkansas, more particularly described as follows:

Beginning at the southwest corner of said southwest quarter (SW/4) of the southwest quarter (SW/4), thence south 89 degrees 48 minutes 30 seconds east- 1321.06 feet, thence north - 476.24 feet to the approximate centerline of a county road, thence along said centerline south 82 degrees 39 minutes 48 seconds west - 437.85 feet, thence north 60 degrees 29 minutes 59 seconds west - 432.50 feet, thence north 75 degrees 35 minutes 14 seconds west - 247.43 feet, thence south 89 degrees 25 minutes 32 seconds west - 270.73 feet to the west line of said Section 29, thence leaving said centerline south - 687.75 feet to the point of beginning and containing 16.918 acres more or less;

Also, the northwest quarter of the northwest quarter (NW/4 NW/4) of Section thirty-two (32), Township ten (10) north, Range twenty-five (25) west;

Also, the south half of the northwest quarter of the northwest quarter (S/2 NW/4) NW/4) of Section thirty-two (32), Township ten (10) north, Range twenty-five (25) west containing 20 acres, more or less;

Also, a part of the southwest quarter (SW/4) of the southwest quarter (SW/4) of Section 29, Township 10 north, Range 25 west, Johnson County, Arkansas, more particularly described as follows:

From the southeast corner of said southwest quarter (SW/4) of the southwest quarter (SW/4), thence north 266.25 feet to the point of beginning, thence north 210.00 feet to the approximate centerline of County Road #6, thence along said centerline south 82 degrees 39 minutes 48 seconds west 210.00 feet, thence leaving said centerline south 210.00 feet, thence north 82 degrees 39 minutes 48 seconds east 210.00 feet, to the point of beginning and containing 1.00 acre, more or less;

Also, a part of the southwest quarter (SW/4) of the southwest quarter (SW/4) of Section 29, Township 10 north, Range 25 west, Johnson County, Arkansas, more particularly described as follows:

From the southeast corner of said southwest quarter (SW/4) of the southwest quarter (SW/4), thence north 66.25 feet to the point of beginning, thence north 200.00 feet, thence south 82 degrees 39 minutes 48 seconds west 210.00 feet, thence south 200.00 feet, thence north 82 degrees 39 minutes 48 seconds east 210.00 feet to the point of beginning and containing 0.96 acre, more or less.

If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a.      Cannot be located upon the exercise of due diligence;

    b.      Has been transferred or sold to, or deposited with, a third party;

    c.      Has been placed beyond the jurisdiction of the court;

d.    Has been substantially diminished in value or

e.    Has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any property of Defendant up to the value of the forfeitable property described above.

## FORFEITURE ALLEGATION FOUR - MONEY LAUNDERING OFFENSE

1.    Pursuant to Title 18, United States Code, Section 982(a)(1), defendant shall forfeit to the United States the following property:

A.    All right, title and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted, and all property traceable to such property, including the following:

   1)    All money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956;

   2)    All commissions, fees and other property constituting proceeds obtained as a result of those violations; and

   3)    All property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to : $700.00 in U.S. currency sent via Western Union Wire money transfer number 8631886345 from sender Cindy Ponder, Adona, Arkansas, directed to Payee Jason Collins, Chatsworth, California; $800.00 in U.S. currency sent via Western Union wire money transfer number 8631886345 in the amount of $800.00, from sender Cindy Ponder, Adona, Arkansas, directed to Payee Jason Collins, Chatsworth, California; and $999.00 in U.S. currency sent via Western Union wire money transfer number 8630243174 in the amount of $999.00, from sender Cindy Ponder, Adona, Arkansas, directed to Payee J.C. Collins, Chatsworth, California.

2.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 982(b), Defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1.

   If, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof:

   a.    Cannot be located upon the exercise of due diligence;

   b.    Has been transferred, or sold to, or deposited with a third party;

   c.    Has been placed beyond the jurisdiction of the court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be divided without difficulty;

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.