IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                     4:04CR00141-10-JM

J.C. COLLINS

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 941) is DENIED.

**I.   BACKGROUND**

On February 2, 2006, a jury found Defendant guilty of conspiracy to possess with intent to distribute methamphetamine and several counts of money laundering.[1] On August 22, 2006, he was sentenced to the statutory, mandatory minimum of life in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. No. 671.

[2] Doc. Nos. 731, 732.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Based on the documents provided, Defendant requested relief from the warden and has exhausted his administrative remedy. Accordingly, the issue is properly before the Court.

Defendant admits that he "does not assert any medical claims, age or family circumstances" that warrant release, but asserts that he is entitled to compassionate release under the "other reasons category."[5] Essentially, Defendant argues that his post-conviction rehabilitation warrants a "downward variance from the sentencing guideline range of 46" and requests a sentence of time served.[6] However, post-conviction rehabilitation is listed in neither the statute or the guidelines as an "extraordinary and compelling" reason for compassionate release. In fact, the Guidelines specifically set out that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."[7]

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has five prior convictions, which include possession of marijuana for sale and battery resulting in serious bodily injury. In fact, he was under supervision for a prior conviction when he committed the instant offense.

The severity of the instant offense also must be considered. For over ten years, Defendant was the leader of a loosely-structured drug tracking network that transported multi-pound quantities of methamphetamine from California and distributed it in Arkansas. At least twenty-

---

[5]Doc. No. 941.

[6]*Id.*

[7]U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, Application Note 3.

two individuals were involved in the network and all claimed that Defendant was the leader. During the course of the conspiracy, over $800,000 was shipped or wired from just one associate to Defendant.  A DEA agent also testified that Defendant was known to threaten to beat or kill people who owed him money.  In fact, Defendant threatened one witness before trial in attempt to influence her testimony.  Additionally, after he was convicted he twice mouthed "You're dead" to an ATF agent.  Ultimately, Defendant was held responsible for over 15 kilograms of marijuana.[8]

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 941) is DENIED.

IT IS SO ORDERED, this 20th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[8] Defendant had a base offense level of 38 because he was responsible for "more than 15 kilograms of methamphetamine."  This was the highest level amount at the time, and the Court has not reviewed the transcript to see the actual total amount.  Defendant also received enhancements for laundering money derived from unlawful activity (+2), organizer in a criminal activity (+4), and obstruction of justice (+2) for a total offense level of 46.