**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                              **4:04CR00141-10-JM**

**J.C. COLLINS**

## ORDER

For the reasons set out below, Defendant's second Motion for Compassionate Release (Doc.  No. 954) is DENIED.

Defendant now asserts that his hypertension, intestinal issues, and obesity higher risk if he contracted COVID-19.  First, these health condition are not "extraordinary and compelling" reasons warranting release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[1]  Defendant's health conditions are not listed.  Furthermore, Defendant has provided no argument or evidence that his health conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling

---

[1]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

enough reasons for release."[2]  Third, a struggling family is not grounds for release.  The guidelines explicitly set out what family grounds are to be considered:  "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[3]

For the reasons above as well as those set out in the October 20, 2020 Order, Defendant's Motion for Compassionate Release (Doc. No. 954) is DENIED.

IT IS SO ORDERED, this 27th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[2]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

[3]U.S.S.G § 1B1.13 cmt. n. 1.